
DA 09-0629

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 157N

BARRY ALONZO HEATH,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DV 07-165
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Deborah F. Butler,
Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  June 15, 2010

Decided:  July 20, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

## BACKGROUND

¶2 Heath was convicted after a jury trial in 2002 of sexual intercourse without consent and witness tampering. After an appeal, a remand for re-sentencing, and a second unsuccessful appeal, Heath filed a petition for postconviction relief in 2007. He contended that his trial attorney provided him ineffective assistance of counsel. He now contends that his original postconviction relief attorneys did so as well. The District Court denied the petition and Heath appealed. In 2009 this Court reversed and remanded to the District Court for a hearing. *Heath v. State*, 2009 MT 7, 348 Mont. 361, 202 P.3d 118. The District Court held an evidentiary hearing in April, 2009 and the parties filed briefs. In October, 2009, the District Court issued an extensive order considering each of Heath's allegations of ineffective assistance of counsel, and denied Heath's petition.

## STANDARD OF REVIEW

¶3 This Court reviews a district court's decision on a petition for postconviction relief to determine whether the findings of fact are clearly erroneous and whether the

2

conclusions of law are correct. *Hamilton v. State*, 2010 MT 25, ¶ 7, 355 Mont. 133, 226 P.3d 588. Claims of ineffective assistance of counsel are evaluated under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *State v. Hendricks*, 2003 MT 223, ¶ 6, 317 Mont. 177, 75 P.3d 1268.

**DISCUSSION**

¶4      Heath alleges a wide range of acts or omissions that he contends support the conclusion that he was denied effective assistance of counsel at trial. The District Court carefully reviewed Heath's allegations and denied relief in a thorough and well-reasoned 50-page opinion. The District Court found that in many instances Heath was not a credible witness and that implementing Heath's preferences on witnesses and evidence would often have significantly prejudiced his defense. Heath, for example, faults his attorney for not opening up the issue of Heath's character, despite the fact that it would have exposed him to proof of such things as his prior conviction for felony stalking, prior restraining orders, his temper and anger issues, prior fights and more. Heath claimed at the postconviction hearing that he had "nothing to hide" and was willing to take the chance of such evidence coming before the jury.

¶5      Heath also makes much of his attorney's failure to conduct a reenactment of the crime for the jury, the purpose of which would be to show that the assault could not have happened in the confined space of the kitchen in the way the victim described. Heath never explains exactly how such a reenactment could have been staged in a courtroom. He also again refuses to accept the District Court's conclusion that attempting such a

3

reenactment was a very risky tactic and could have served to illustrate that in fact the assault could have occurred as the victim testified.

¶6     Heath has not demonstrated that any of the District Court's findings of fact are clearly erroneous.  It is clear that the District Court correctly applied the proper legal standards from *Strickland* and *Hendricks* as to each of Heath's allegations of ineffective assistance.  The order of the District Court denying Heath's petition for postconviction relief is therefore affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

4